# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| KRISTY MATHENA,<br><br>        Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 17-CV-52-MAR<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Application for Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Section 2412, filed on November 21, 2018. (Doc. 32.) Plaintiff requests attorney's fees in the amount of $11,183. Defendant filed a Response in Opposition to Plaintiff's Application for Fees Pursuant to the EAJA. (Doc. 33.) Defendant does not object to an EAJA award; however, Defendant objects to the amount Plaintiff seeks and requests the Court reduce the amount of the award to what the Commissioner considers a reasonable amount; i.e., no more than $7,500.

## I. APPLICABLE LAW

The Court may award fees and other expenses under the EAJA to the prevailing party in a Social Security appeal, "unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A). A position is "substantially justified" if it has a "reasonable basis in law and fact," even if it was a losing position. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *see also Lauer v. Barnhart*, 321 F.3d 762, 764-65 (8th Cir. 2003) (holding that the position taken must be "well founded in fact"); *Sawyers v.*

1

*Shalala*, 990 F.2d 1033, 1034 (8th Cir. 1993) (explaining the position must be "justified to a degree that could satisfy a reasonable person") (citation omitted). The Commissioner of the Social Security Administration ("the Commissioner") bears the burden of proving substantial justification. *Goad*, 398 F.3d at 1025. With regard to "special circumstances," few cases before the Eighth Circuit Court of Appeals have addressed when this exception applies. *See Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (finding without elaboration no special circumstances, but noting that denial of fees to a party whose action brought about a change in position would be unjust); *Jackson v. Bowen*, 807 F.2d 127, 128 n.3 (8th Cir. 1986) (noting that this "exception helps to ensure that the [Commissioner] can advance in good faith novel but credible interpretations of law") (citation omitted).

In order to obtain an award for fees and expenses, the party must file an application no later than 30 days from when the judgment becomes final. 28 U.S.C. § 2412(d)(1)(B). The party must allege that the Commissioner's position was not substantially justified and specify the "amount sought, including an itemized statement . . . [of] the actual time expended and the rate at which fees and other expenses were computed." *Id*. The court may award "reasonable attorney fees," which should not exceed $125 per hour unless the court finds that the cost of living or a special factor justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A); *see also Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (granting a higher attorney fee rate based on unrebutted evidence of the Department of Labor's Consumer Price Index, as well as information about the attorney's experience and a recent award of EAJA fees at the requested rate).

Any fees awarded under the EAJA are payable directly to the party and not to the party's attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593-94 (2010). Accordingly, if the party owes any "outstanding federal debts," the government is entitled to offset the fee award by the debt the party owes the government. *Id*. at 593. Courts have recognized

that while the award is made to the party, payment of that award may be delivered to the party's attorney if consistent with the practices of the relevant agency and department. *See Eads v. Berryhill*, No. 16-CV-97-LRR, 2017 WL 1196444, at *2 (N.D. Iowa Mar. 29, 2017); *Kunik v. Colvin*, No. C13-3025-LTS, 2014 WL 1883804, at *3 (N.D. Iowa May 12, 2014); *Kinseth v. Colvin*, No. C12-3033-MWB, 2013 WL 6410982, at *2 (N.D. Iowa Dec. 9, 2013).

## II. ANALYSIS

In this case, Defendant does not dispute that Plaintiff has satisfied each of the conditions for an award of attorney's fees. Rather, Defendant contests only the amount of the reasonable award. The Court finds Plaintiff is the prevailing party in this Social Security appeal. (Docs. 30, 31.) Plaintiff timely filed an application for fees incurred in this action, which included an itemized statement of the time expended and computation rates. (Docs. 32, 32-1.) The Court also finds that the information provided by Plaintiff justifies an increase in the hourly rate. The Court further finds that Defendant has not shown substantial justification or special circumstances that support denying an award in this case.

Plaintiff seeks compensation for 46.93 hours of legal research, brief drafting, and motion practice at the rate of $193.88 for a total of $9,098.79. In addition, Plaintiff seeks compensation for 21.5 hours spent on reviewing, analyzing, annotating and summarizing the contents of the administrative record in this matter (which Plaintiff's attorney was not involved in) at the rate of $96.94 for a total of $2,084.21. These two figures together total the amount Plaintiff seeks: $11,183.

Defendant complains that Plaintiff's counsel spent too much time on this matter. Defendant cites *Coleman v. Astrue*, No. C05-3045-PAZ, 2007 WL 4438633, at *3 (N.D. Iowa Dec. 17, 2007) for the proposition that "routine disability benefits cases commonly require 20 to 40 hours of attorney time." Defendant apparently believes that 40 hours

is a cap of some sort. In any event, 40 hours at $193.88 per hour would result in fees of $7,755.20.

Nothing about the precedent cited by Defendant persuades the Court that such a cap exists, although, as discussed below, the amounts allowed in other cases are relevant to determine reasonableness. In addition, Defendant's counsel states he reviewed prior EAJA awards in the Northern District of Iowa where transcripts range from 1080 pages to 1701 pages. The review allowed Defendant to total the number of pages in the transcripts. Nowhere does Defendant attempt to assess what issues were raised in those 11 cases, the relative complexity of those cases, or how they compare to the complexity of the issues raised in the case at bar. Defendant's reference to the size of those transcripts and the attorney fees awarded is not particularly helpful to the Court in making the independent evaluation of the reasonableness of this attorney's bill as required by *Hensley v. Eckerhart*, 461 U.S. 424, 432-34 (1983).

In the instant case, Plaintiff's counsel filed a brief of 38 pages. While counsel should not be rewarded for filing overlength briefs, the Court's review of the brief at Docket 19 indicates that it is reasonably concise, addresses related issues, and does not appear designed to increase attorney's fees. Nevertheless, it is lengthy and undoubtedly required substantial investment of time by Plaintiff's counsel. In addition, Plaintiff's counsel filed an eight-page reply brief, which appears similarly well-suited to the scope and complexity of the issues at bar. The Court notes that the Memorandum Order and Opinion by then Chief Magistrate Judge C.J. Williams entered on August 23, 2018 was 17 pages in length. (Doc. 30.) Nevertheless, the Court noted in its conclusion, "As noted, claimant asserted other grounds of error. Because the Court has found remand appropriate, however, the Court will not address these additional grounds at this time." In other words, the Court required 17 pages to address only part of Plaintiff's arguments.

This is some indication of the complexity of the issues presented, if counting pages is an appropriate test.

The Court finds the 21.5 hours Plaintiff's counsel expended at a lower hourly rate was reasonably necessary to effectively represent Plaintiff. *See Coleman,* 2007 WL 4438633, at *3 (requiring an attorney to review the entire record in order to represent a plaintiff competently).

In addition, the Court finds the 61.41 hours that Plaintiff's counsel seeks for reviewing and annotating the record, drafting the joint stipulation of material facts, and drafting both the primary and reply briefs reasonable. *See Handke v. Astrue,* No. C06-4106-PAZ, 2008 WL 2095545, at *1 (N.D. Iowa May 16, 2008) ("The court has broad discretion to determine the amount of time reasonably expended. . . .").

Plaintiff's fee application also includes a request for 7.02 hours expended for a motion for making an addition to the transcript of the administrative record necessitated by Defendant's refusal to include the excluded evidence in the transcript.

In evaluating the reasonableness of an EAJA fee request,

> the court should consider not merely whether the attorney's work was valuable to the client, but whether the issues were novel or complex, whether the record is voluminous or the facts are unusually complex, whether the attorney's specialized skill or knowledge was required, and what the usual number of hours for similar cases are in the area.

*Id.* (quotation and citations omitted).

The Court concludes that the work of Plaintiff's counsel was valuable to the client and involved complicated issues regarding Plaintiff's intellectual impairments and a voluminous record. Given these findings, Plaintiff's counsel's specialized skill was required. To the extent Plaintiff's counsel was required to expend additional hours on this matter in excess of the fees approved in the cases Defendant cites, the Court concludes that effort was reasonable and necessary.

The Court finds that Plaintiff is a prevailing party, and the Commissioner has not shown either a substantial justification or special circumstances to preclude an award of reasonable attorney fees under 28 U.S.C. Section 2412(d)(1)(A). Further, based on Plaintiff's supporting materials, an award of fees in the amount of $11,183 is reasonable and appropriate. Thus, Plaintiff is entitled to an EAJA award in the amount of $11,183 to be paid by the Social Security Administration.

### III. CONCLUSION

Plaintiff's Application for Fees Pursuant to the Equal Access to Justice Act **(Doc. 32)** is **granted**.

An EAJA award from the Social Security Administration in the amount of $11,183 shall be made payable to Plaintiff, subject to offset to satisfy any preexisting debt Plaintiff may owe to the United States. *See Ratliff*, 560 U.S. at 593.

The fees may be delivered directly to Plaintiff's attorney if it is consistent with the Commissioner's and Department of Treasury's practices.

**IT IS SO ORDERED** this 2nd day of January, 2019.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa