# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| KRISTY MATHENA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, Acting Commissioner of Social Security,[1]<br><br>    Defendant. | No. 17-cv-52-MAR<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §406(b)** |

_____

    This matter is before me[2] on Plaintiff Kristy Mathena's Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b), filed on November 12, 2019. (Doc. 38.) Defendant Commissioner of Social Security filed a response on November 19, 2019. (Doc. 39.)

    On August 23, 2018, the decision of the ALJ was reversed and remanded to the Commissioner for further proceedings. (Docs. 30 and 31.) On January 2, 2019, the Court issued an order granting a motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of $11,183. (Doc. 35.) The U.S. Department of Treasury withheld and applied the full amount of the EAJA award to a delinquent debt owed by Ms. Mathena to the United States. The current motion seeks, pursuant to 42 U.S.C. § 406(b), attorney fees in the amount of $13,284.63. (Doc.

---

[1] Commissioner Andrew Saul is substituted for his predecessor in accordance with Federal Rule of Civil Procedure 25(d).

[2] On December 15, 2017, the parties consented to a United States Magistrate Judge conducting all proceedings in the case and the case was reassigned to the United States Magistrate Judge Kelly Mahoney. (Doc. 16.) The case was reassigned to the undersigned on November 21, 2018.

38.) The Commissioner's response states there is no objection to the motion or the attorney fees requested. (Doc. 39.)

Section 406(b) of Title 42 provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable fee* for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. §406(b)(1)(A) (emphasis added). The Court has reviewed the docket and submitted exhibits to determine if the attorney fee request is reasonable and that it not exceed 25 percent of the past-due benefit award.

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002). The court must review and act as an independent check on such arrangements to ensure that they satisfy the statutory requirement of yielding a "reasonable" result in a particular cases. *Id*. Even with the 25 percent boundary, the attorney "must show that the fee sought is reasonable for the services rendered." *Id*.

In this matter, the Commissioner withheld and paid Plaintiff's counsel $6,000 from the past-due benefits for legal work performed before the Commissioner. The Commissioner withheld an additional $13,284.63 from the past-due benefits for potential payment of a fee pursuant to 42 U.S.C. Section 406(b).

Plaintiff's counsel seeks a fee of $13,284.63, which equals 25 percent of past due benefits (of $77,138.50) awarded to Plaintiff minus $6,000 which the Commissioner has already paid to Plaintiff's counsel. (Docs. 38 and 38-1.)

Upon review of the record, the Court finds the attorney fee request to be reasonable. Therefore, the Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. §406(b) (Doc. 38) is **granted**. The Court **orders** payment of $13,284.63 for attorney's fees pursuant to 42 U.S.C. § 406(b) to Plaintiff.

**IT IS SO ORDERED** this 10th day of December, 2019.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa